**ORDERED.**

**Dated: June 18, 2024**

_Grace E. Robson_
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

GLOBAL CONSULTING, LLC,                                         Case No.: 6:24-bk-00353-GER

    Debtor.                                                                                    Chapter 11
_____/

**ORDER (1) CONFIRMING DEBTOR'S AMENDED PLAN OF REORGANIZATION, (2) DENYING MOTIONS TO DISMISS, (3) SETTING DEADLINES, AND (4) SCHEDULING STATUS CONFERENCE**

This case came on for hearing on June 11, 2024, at 1:30 p.m. (the "Confirmation Hearing") for consideration of the following:

(a) Debtor's Plan of Reorganization (Doc. 60) and the Debtor's Amended Plan of Reorganization (Doc. 113) (the "Plan");

(b) Debtor's Confirmation Memorandum (Doc. 112);

(c) Debtor's Ballot Tabulation (Doc. 111);

(d) Debtor's Motion for Confirmation Pursuant to 11 U. S. C. §1191(b) (Doc. 114) (the "Motion for Cramdown");

(e) Objection to Confirmation of the Debtor's Plan of Reorganization filed by Creditor Jose Ivan Diaz (Doc. 79);

(f) Creditor Mustapha Boujana's Objection to Confirmation of Debtor's Amended Plan of Reorganization (Doc. 115);

(g) Amended Motion of Creditor Mustapha Boujana to Dismiss Case (Doc. 44); and

(h) Amended Motion of Creditor Jorge Acosta to Dismiss Case (Doc. 49).

At the Confirmation Hearing the Debtor announced the following modifications to the Plan pursuant to 11 U. S. C. §1193(a):

First, Article 5 relating to the treatment of Class 1 Allowed General Unsecured Claims is modified to provide the following if the Plan is confirmed on a nonconsensual basis:

> The Debtor will pay unsecured creditors a Pro Rata Share of $12,000.00 (the "Base Payment"). Payments will be made in twelve (12) equal quarterly payments of $1,000.00. Payments shall commence on the later of the 15th day of the month following the Effective Date or the 15th day of the month after all objections to claims have been resolved. Payments shall continue quarterly for eleven additional quarters. In addition to the Base Payment, if the Debtor collects any funds from PDVSA during the 5-year period following the Effective Date, then holders of Allowed Claims shall receive a pro rata share of the amounts collected from PDVSA, less expenditures incurred by the Debtor that were necessary for the continuation, preservation, or operation of the business of the Debtor after the Effective Date.

Second, Section 8.2 is modified as follows:

> Debtor's counsel, in consultation with the Trustee, shall investigate and determine whether the Debtor possesses any causes of action that can be asserted pursuant to Bankruptcy Code §§542, 543, 544, 545, 547, 548, 549, 550, or 553. Debtor's counsel shall file a report with the Court as to the status of the investigation no later than thirty (30) days after the entry of the Confirmation Order. Any such claims vest in the Debtor and if there are any viable causes of action, then the Debtor shall have exclusive authority to pursue the claims on behalf of the estate.

The Court finds and concludes that: (i) the Plan was transmitted to all creditors and interest holders, who were given timely notice thereof and of the confirmation hearing; (ii) the Solicitation Package was timely and properly served on all creditors and parties in interest (*see* Docs. 67, 113).

Having considered the Plan with the modifications set forth above, the Confirmation Memorandum, and the Motion for Cramdown and for the reasons stated orally and recorded in open Court, the Court finds that the requirements for confirmation set forth in 11 U. S. C. §§ 1191(a) and 1129(a) are satisfied other than §1129(a)(8) and (a)(10). The Court also finds that the Plan does not discriminate unfairly and is fair and equitable with respect to the Class 1 such that the Plan is due to be confirmed as a nonconsensual plan pursuant to 11 U. S. C. §1191(b). Accordingly, it is

**ORDERED:**

1. The Plan, as modified above, is CONFIRMED pursuant to 11 U.S.C. § 1191(b).

2. The Cramdown Motion is GRANTED.

3. The Objection to Confirmation of the Debtor's Plan of Reorganization filed by Creditor Jose Ivan Diaz (Doc. 79) is OVERRULED.

4. Creditor Mustapha Boujana's Objection to Confirmation of Debtor's Amended Plan of Reorganization (Doc. 115) is OVERRULED.

5. The Amended Motion of Creditor Mustapha Boujana to Dismiss Case (Doc. 44) is DENIED.

6. The Amended Motion of Creditor Jorge Acosta to Dismiss Case (Doc. 49) is DENIED.

7. If there is any inconsistency between the Plan and this Order, then the terms of this Order shall control.

8. The Debtor is authorized and directed to take all such steps as may be necessary to effectuate and implement the Plan and this Confirmation Order, and to take such steps as may be

appropriate or necessary to consummate the transactions contemplated by the Plan and this Confirmation Order.

9. Upon the Effective Date, all actions contemplated by the Plan shall be deemed authorized and approved in all respects (whether to occur before, on or after the Effective Date); all matters provided for in the Plan involving the corporate structure of the Debtor, and any corporate action required by the Debtor in connection with the Plan shall be deemed to have occurred and shall be in effect, without any requirement of further action by management of the Debtor. Further, all actions authorized to be taken pursuant to the Plan shall be effective on, prior to, or after, the Effective Date pursuant to this Order, without further application to, or order of, the Court, or further action by management of the Debtor and with the effect that such actions have been taken by unanimous action of management.

10. The Debtor shall file with the Court and serve on all creditors and interested parties notice of the Effective Date of the Plan within three (3) days of the occurrence of the Effective Date.

11. The Debtor shall file with the Bankruptcy Court a financial report or statement of disbursements for each quarter (or portion thereof) that this chapter 11 case remains open, in a format prescribed by the United States Trustee and shall attach all applicable bank statements, including Debtor's attorney's trust account if holding plan funds. These reports shall also include any disbursements made from the sale or refinance of any real property. The Debtor shall also attach to the quarterly report copies of all refinancing and/or sale closing documents for any property sold during the applicable period. The quarterly reports shall include a statement to reflect the Debtor's compliance or non-compliance with the Plan. Each report is due by the 21st day after the conclusion of each calendar quarter.

12. L. Todd Budgen, the Subchapter V Trustee shall monitor Quarterly Reports and may seek compensation for such. The Subchapter V Trustee shall monitor for compliance of the Debtor's Plan and shall file any appropriate motions with the Court if necessary. The Subchapter V Trustee shall be provided with annual tax returns within 14 days after the Debtor files any return with the Internal Revenue Service as well as the information necessary and reasonably requested to ensure compliance with the Plan.

13. Pursuant to Local Rule 3022-1 (a), unless extended by the Court, on or before the later of 30 days after the granting of a discharge, or 30 days after the disposition of all adversary proceedings or contested matters, whichever is later, the Debtor's attorney shall file a motion for final decree.

14. This Court retains jurisdiction for any and all matters that may come before the Court in the administration of the Plan and pursuant to this Order, specifically including, but not limited to, the jurisdiction to determine all objections that have heretofore been or may be filed to claims of creditors herein; to fix and award all compensation to parties who may be so entitled; to hear and determine all questions concerning the assets or property of the Debtor, including any questions relating to any sums of money, services, or property due to the Debtor; and determine all matters of any nature or type necessary or appropriate to carry out the Plan.

15. **A Status Conference is scheduled for August 1, 2024, at 10:30 a.m. before the Honorable Grace E. Robson at the United States Bankruptcy Court, 400 West Washington Street, 6th Floor, Courtroom D, Orlando, Florida 32801.**

****

Kenneth D. Herron, Jr. is directed to serve a copy of this order on interested parties who are non-CM/ECF users and file a proof of service within three days of entry of the order.